## Joe G. Smith v. George Smith.

**Replevin—Judgment for Return of Goods.**
>  Where in an action for replevin the right to numerous articles of
>  property is involved, the judgment rendered should fix the value of
>  each of them separately, so that the defendant may relieve himself
>  and sureties from the payment of money to the extent he may be able
>  to return them. A judgment is erroneous in such a case which re-
>  quires the return of every article of property taken, or else the judg-
>  ment of the aggregate value of all of them.

### APPEAL FROM HANCOCK CIRCUIT COURT.

### November 27, 1877.

Opinion by Judge Lindsay:

Although the action instituted by W. G. Smith to recover the
possession of the stock of groceries, and of the notes and accounts
existing in virtue of the business he had been transacting in the name
of his father, was without objection transferred to the equity side
of the docket, it remained in all its distinctive features an ordinary
action. We think the court, substituted as it was for a jury, as to
the questions of fact involved, might very well have found from the
evidence that the administrator of M. Smith, deceased, came lawfully
into the possession of said groceries, notes, accounts, etc. Such
being the case legal possession was united with the legal title, the
business having all the while been carried on in the name of the
decedent; and although appellant was in equity the real owner of
the property, he could not recover possession from the legal title
holder, who was a quasi-trustee, without first paying off all the debts
for which he, as the personal representative of M. Smith, deceased,
was bound on account of the grocery business. Therefore the prin-
ciple on which the judgment appealed from was based is a correct
one.

But the judgment is erroneous in its details. It required the ap-
pellant to surrender each and every article of personal property, and
chose in action taken under the order of delivery, or else to pay the
full sum of $1,703.07. Where, as in this case, the right to numerous
articles of property is in contest, the judgment should fix the value
of each of them separately, so that the plaintiff may relieve himself
and sureties from the payment of money to the extent he may be
able to return them. Here the judgment required the return of every
article of property taken, or else the judgment of the aggregate value
of all of them. It was also erroneous to fail to render a distinct

judgment for damages, if any damages were awarded, and if not, to fail to indicate that fact. There is proof in the record tending to show that appellant had disposed of all the property in controversy before the trial of the case, but this proof was not relevant to any issue that was raised by the pleadings, and it must therefore be disregarded. On account of the errors indicated, the judgment of September, 1874, rendered in the action instituted by Joe G. Smith against Mike Smith's administrator, on the 26th day of September, 1874, is *reversed,* and the cause remanded for further proper proceedings not inconsistent with this opinion.

*R. Y. Bush, for appellant. Williams & Brown, for appellee.*